UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4013

LARRY DARNELL BELCHER, a/k/a
"Truck",
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-70018)

Submitted: July 22, 1999

Decided: July 30, 1999

Before ERVIN, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rena G. Berry, Roanoke, Virginia, for Appellant. Robert Paul
Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Darnell Belcher appeals from his conviction and sentence for possession with intent to distribute cocaine, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1994). Belcher was sentenced to life imprisonment on the cocaine charge and to 235 months' imprisonment on the marijuana charge, to run concurrently. He was further sentenced to ten years and four years supervised release, respectively, also to run concurrently, and a special assessment of $200.

Belcher first challenges the district court's denial of his motion to suppress, claiming that the affidavit underlying the search warrant failed to state facts sufficient to establish probable cause. We find that the district court did not clearly err in denying Belcher's motion, see United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992), because the record contained substantial evidence to support the magistrate's decision to issue the warrant. See Massachusetts v. Upton, 466 U.S. 727, 728, 732-33 (1984).

Next, Belcher claims that the district court abused its discretion in allowing into evidence Belcher's prior drug convictions, and the convictions of Belcher's brothers. We have reviewed the record and find that the district court's decision to admit the disputed evidence was not "arbitrary or irrational," and hence, not an abuse of its discretion. See United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990).

Belcher also challenges the district court's determination of the amount of drugs fairly attributable to him, specifically claiming that he should have been held accountable only for the drugs found on his person and not the drugs found in and around his house. Given the evidence of the amount of drugs found in Belcher's home, the drugs officers witnessed Belcher throwing from the porch on and around which the majority of the drugs were located, and the existence of electronic devices, scales, police lists, scanners, a large sum of money, and marked "buy" money found in Belcher's bedroom, we cannot say that the district court's determination of drug weight was

2

clearly erroneous. See United States v. D'Anjou , 16 F.3d 604, 614 (4th Cir. 1994).

Belcher next claims that the district judge interpreted the sentencing guidelines and related statutes incorrectly because he stated he had no authority to depart from the guidelines. We find this claim to be without merit. Belcher's life sentence was properly imposed by the district court as the mandatory minimum sentence under 28 U.S.C.A. § 841(b)(1)(A) (West 1999), based on Belcher's prior felony drug convictions. Belcher's guideline sentence became the statutory mandatory minimum sentence of life pursuant to USSG § 5G1.2(a), and the district court's authority to impose a sentence below a statutory minimum sentence is limited to circumstances not present in this case. See 18 U.S.C.A. §§ 3553(e), (f) (West 1999).

Belcher's final claim, by counsel, is that the district court's imposition of a life sentence without parole constituted a violation of the Eighth Amendment. The imposition of a sentence of life without parole for repeatedly dealing drugs, given the substantial quantity of drugs involved here, cannot be considered disproportionately cruel or unusual.* See United States v. D'Anjou, 16 F.3d at 613. Moreover, Belcher's claim that there was no evidence that he supervised others or distributed drug amounts other than small amounts for personal use is belied by the substantial amounts of drugs involved. We find that the district court's imposition of a mandatory life sentence without parole in accordance with federal statutes and the sentencing guidelines did not violate the Eighth Amendment.

Accordingly, we affirm Belcher's conviction and sentence. We deny Belcher's motion to file a supplemental pro se brief. We dispense with oral argument because the facts and legal contentions are

_____

*We note that the record reflects that Belcher had seven prior felony drug convictions, and the district court determined that Belcher was responsible for a converted weight of 22,098.98 kilograms of marijuana (which included a pre-converted weight of over 1,000 grams of freebase or crack cocaine, an amount which far exceeds that involved in Harmelin v. Michigan, 501 U.S. 957, 961 (1991) (upholding life sentence for a first-time drug offender who possessed 672 grams of cocaine powder)).

adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4